No. 22-2954

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MICHELLE FITZGERALD, ) | |
| ) | Appeal from the United States |
| Plaintiff-Appellant, ) | District Court for the Southern |
| ) | District of Indiana, |
| v. ) | Indianapolis Division |
| ) | |
| RONCALLI HIGH SCHOOL, INC., ) | Case No. 1:19-cv-04291-RLY-TAB |
| and the ROMAN CATHOLIC ) | Judge Richard L. Young |
| ARCHDIOCESE OF ) | |
| INDIANAPOLIS, INC., ) | |
| ) | |
| Defendants-Appellees. ) | |

**DEFENDANTS-APPELLEES' DOCKETING STATEMENT**

Pursuant to Circuit Rule 3(c)(1), Defendants-Appellees Roncalli High School, Inc., and the Roman Catholic Archdiocese of Indianapolis, Inc. (together, "Archdiocese"), respectfully submit this docketing statement.

The Archdiocese agrees with Plaintiff's statement of the district court's and this Court's jurisdiction. Plaintiff's docketing statement is not complete and correct, however, because it states that there are no related appellate proceedings. This case is related to *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 21-2524, which this Court decided on July 28, 2022. In fact, Plaintiff herself filed a "Notice of Related Action" in the district court, successfully seeking to have the two cases assigned to the same judge and magistrate. Dkt. 21. She argued that both cases involve "the same or substantially identical questions of law and/or fact," and that assigning both cases to the same judges would "conserve judicial resources and promote judicial economy." *Id.* at 2. The district court, likewise, concluded the two cases are "virtually identical." Accordingly, to "conserve judicial resources and promote judicial economy," this Court may wish to assign this appeal to the same panel that decided *Starkey*.

1

**1.** This case and *Starkey* are closely related. The plaintiffs, Fitzgerald and Starkey, held the same job (Co-Director of Guidance) at the same school (Roncalli High School) at the same time. In 2018, the Archdiocese learned that both plaintiffs had entered same-sex unions, which were contrary to the express terms of their contracts and Catholic teaching on marriage. The Archdiocese therefore declined to renew both of their contracts—which were identical—for the same reason.

Both plaintiffs then sued in the Southern District of Indiana—Starkey first (in July 2019), then Fitzgerald (three months later). *See* Complaint, *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 19-3153 (S.D. Ind. July 29, 2019), ECF 1. The cases were originally assigned to the same district judge, but different magistrates. In November 2019, however, Fitzgerald filed a "Notice of Related Action," successfully seeking to have the cases assigned to the same judge and magistrate. *Fitzgerald v. Roncalli High School*, No. 19-4291 (S.D. Ind. Nov. 21, 2019), Dkt. 21. Fitzgerald explained that both cases involved "the same" Defendants, that Fitzgerald and Starkey "held the same positions," and that "[t]he resolution of this action and the Starkey Action will require the determination of the same or substantially identical questions of law and/or fact." *Id.* at 1-2. Thus, "[t]ransferring the instant action to the judicial officer handling the Starkey Action will likely conserve judicial resources and promote judicial economy." *Id.* at 2.

**2.** Fitzgerald's Notice of Related Action was right: The two cases are virtually identical—as the district court recognized—and assigning them to the same "judicial officer[s]" would serve judicial economy, here as at the district court. In both cases, the plaintiffs have asserted the same claims—sexual-orientation discrimination and retaliation under Title VII, as well as state-law claims of tortious interference with a contractual or employment relationship. And the Archdiocese has asserted the same defenses—that the Co-Director of Guidance at Roncalli is entrusted to perform important religious functions at a Catholic school, such that employment decisions

related to that role are protected by the First Amendment's "ministerial exception"; that the Archdiocese is exempt from the Title VII claims under that statute's exemptions for religious organizations and schools; and that its decision was further protected by the Religious Freedom Restoration Act and the First Amendment doctrines of religious autonomy, non-entanglement, and freedom of association.

In both cases, the district court denied the Archdiocese's motion for judgment on the pleadings, which asserted the Title VII, RFRA, and non-ministerial-exception First Amendment arguments. *Starkey*, 496 F. Supp. 3d 1195 (S.D. Ind. 2020); *Fitzgerald*, 2021 WL 4953237 (S.D. Ind. Mar. 31, 2021). But in both cases, the district court granted summary judgment to the Archdiocese, holding that the "ministerial exception covers Starkey's" and Fitzgerald's "role as Co-Director of Guidance" and "bars all of" their claims. *Starkey*, 553 F. Supp. 616, 623-28 (S.D. Ind. 2021); *see also Fitzgerald*, 2022 WL 16707372 (S.D. Ind. Sept. 30, 2022).

In *Starkey*, this Court unanimously affirmed the grant of summary judgment, considering at length Starkey's "job duties and responsibilities" and holding that "[a]s the Co-Director of Guidance and a member of the Administrative Council, Starkey was one of the school leaders responsible for the vast majority of 'Roncalli's daily ministry, education, and operations.'" *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, 41 F.4th 931, 940-42 (7th Cir. 2022). These are the same "job duties and responsibilities" the Court will be asked to consider here, meaning judicial economy could be promoted by assigning the cases to the same panel. *See id.* at 938 (referring to "Starkey's colleague—the other Co-Director of Guidance," *i.e.*, Fitzgerald). And that is all the more true given the extensive resources devoted by the *Starkey* panel—the Court held oral argument, considered seven *amicus* briefs (including one from Fitzgerald's counsel), and issued a published, twenty-three-page opinion, with Judge Easterbrook also writing a separate concurrence that would have ruled for the Archdiocese under the Title VII exemptions.

3

**3.** The close entwinement between the two cases has also been repeatedly recognized by the district court and parties alike. In denying judgment on the pleadings in *Fitzgerald*, the district court simply "incorporate[d]" its earlier decision in *Starkey*, saying the two cases were "virtually identical." 2021 WL 4953237, at *1. And in granting summary judgment in *Fitzgerald*, the district court concluded it was bound to rule for the Archdiocese because "[a]ll … grounds for the decision in *Starkey* are present here." 2022 WL 16707372, at *6.

As for Plaintiff, she has previously emphasized the cases' relatedness not only to the district court (in her Notice of Related Action, *see supra*) but to this Court. After the district court denied judgment on the pleadings in *Starkey*, the Archdiocese noticed an interlocutory appeal to this Court. Fitzgerald then attempted to intervene in that appeal, identifying herself as "the plaintiff in a related action against" the Archdiocese. Mot. to Intervene at 1, *Starkey*, No. 20-3265 (7th Cir. Jan. 21, 2021), Dkt. 20. She elaborated that the cases "arise from a common nucleus of operative facts and present questions of law common to both cases," including "essentially identical legal arguments," such that "resolution of [the *Starkey* appeal] is likely to affect Fitzgerald's case." *Id.* at 2, 5. And she was correct: Both cases arise from a common nucleus of operative facts, present identical legal questions, and would therefore benefit from being heard by the same panel.

\*     \*     \*

This case is related to *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 21-2524 (decision rendered July 28, 2022). The Court should accordingly consider assigning this appeal to the same panel that decided *Starkey*.

November 17, 2022

Respectfully submitted,

/s/ Luke W. Goodrich

Luke W. Goodrich
   *Counsel of Record*
Daniel H. Blomberg
Joseph C. Davis
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
(202) 955-0095

*Attorneys for Defendants-Appellees*

# CERTIFICATE OF SERVICE

I certify that on November 17, 2022, a copy of the foregoing was served on counsel for all parties by means of the Court's ECF system.

By: /s/ Luke W. Goodrich
Luke W. Goodrich