

**1310 L Street NW Suite 200, Washington, DC 20005**
**(202) 466-3234 | au.org**

July 6, 2023

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

    Re: Rule 28(j) Notice of Supplemental Authority in *Fitzgerald v. Roncalli High School, Inc.*, No. 22-2954

    *Braidwood Mgmt., Inc. v. EEOC*, --- F.4th ---, No. 22-10145, 2023 WL 4073826 (5th Cir. June 20, 2023)

Dear Mr. Conway:

    *Braidwood* held that RFRA prohibits the EEOC from enforcing Title VII against an employer if that enforcement substantially burdens the employer's religious beliefs. Op. 34-39. Reflecting RFRA's text, the Fifth Circuit observed that RFRA-based defenses arise in response to "challenged *governmental* activity," Op. 22 (emphasis added); and that it is the "federal government" that is bound by RFRA's prohibitions, Op. 34-35. *Braidwood* aligns with this Court's conclusion that RFRA does not apply when the government is not a party. *Listecki v. Off. Comm. of Unsecured Creditors*, 780 F.3d 731, 736 (7th Cir. 2015).

    Similarly, *Braidwood*'s strict-scrutiny analysis is unique and restricted to when the government is a party. There, the government declined to adopt less restrictive means of furthering its interests, like granting an exemption or propagating EEOC guidance on how employers like Braidwood could obtain an exemption. Op. 39 n.59. Those options do not exist for a private employee like Fitzgerald, so they have no bearing on this case.

As for Title VII's religious exemption, the Fifth Circuit did not address it because it was not an issue on appeal. So it remains true that no circuit has adopted Roncalli's atextual reading of Section 702. *See, e.g., Boyd v. Harding Acad. of Memphis, Inc.*, 88 F.3d 410, 413 (6th Cir. 1996); *see also Curray-Cramer v. Ursuline Academy of Wilmington*, 450 F.3d 130, 139 (3d Cir. 2006) (rejecting plaintiff's Title VII claim because it would require the court to inquire into a religious employer's religious mission, but making no general ruling on the scope or meaning of Section 702).

Finally, the Fifth Circuit declined to address any constitutional arguments, including the freedom of expressive association. Op. 39-40 n.60. To the extent the Court elsewhere considered whether a customer would believe that Braidwood endorsed its employees' conduct, that was because Braidwood's evidence "properly established" burdens on its religious practice. Op. 37 n.57. But, at Roncalli's request, discovery in this case has been limited to the ministerial exception. There is no evidence that employing Fitzgerald significantly affected Roncalli's ability to convey its viewpoint.

Sincerely,

Gabriela Hybel

cc: Counsel of record (by ECF)

## CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 28(j), the body of this letter contains 341 words.

Date: July 6, 2023              <u>/s/ *Gabriela Hybel*</u>