

1310 L Street NW Suite 200, Washington, DC 20005
(202) 466-3234  |  au.org

July 12, 2023

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

 Re: Rule 28(j) Notice of Supplemental Authority in *Fitzgerald v. Roncalli High School, Inc.*, No. 22-2954

  *303 Creative v. Elenis*, --- S. Ct. ---, No. 21-476, 2023 WL 4277208 (June 30, 2023)

Dear Mr. Conway:

 *303 Creative* solidified the line between unconstitutional direct burdens on pure speech, which "force an individual to 'utter what is not in [her] mind' about a question of political and religious significance," Op. 19 (quoting *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 634 (1943)), and incidental burdens on speech, which are constitutionally permissible, Op. 18 (citing *Rumsfeld v. FAIR*, 547 U.S. 47, 61-62 (2006)). The state may not require an artist to make statements contrary to her own beliefs. But the state may prohibit "a 'separate but equal' regime that would allow law firms to refuse women admission into partnership, restaurants to deny service to Black Americans, or businesses seeking employees to post something like a 'White Applicants Only' sign." Op. 21. Any argument that the First Amendment protects that sort of discrimination is "[p]ure fiction." Op. 21.

 But that fiction is exactly what Roncalli urges. It asks that employers be exempt from antidiscrimination laws if they can offer a post hoc explanation that the discrimination was an attempt to communicate a discriminatory message. Under that reasoning, a law firm could legally deny partnership to women as long as the firm argues that the denial

communicates its views about the role of women in the family. That would constitutionalize the very discrimination that Title VII prohibits and be an end-run around the Court's previous rejection of such broad expressive-association arguments. *See Hishon v. King & Spalding*, 467 U.S. 69, 78 (1984).

    Even if—contrary to the Supreme Court's statement—*303 Creative* did apply to employment discrimination, it would be too early for that defense here. As Roncalli notes (at 2), "context matters," Op. 23 n.6. In *303 Creative*, Colorado's public-accommodations law directly burdened pure speech by requiring speakers to express certain viewpoints. Op. 10-11. The limited record here shows no burden: Fitzgerald worked at Roncalli for fourteen years and was married to her wife for four of those years. There is no evidence that her employment interfered at all with Roncalli's ability to send its own message about marriage.

Sincerely,

Gabriela Hybel

cc: Counsel of record (by ECF)

## CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 28(j), the body of this letter contains 342 words.

Date: July 12, 2023                    /s/ *Gabriela Hybel*